IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

DANA TERLECKY,

      Plaintiff,

v.                                                No. CIV O4-1121 BB/DJS

CITY OF RUIDOSO DOWNS, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This is an employment case filed by Plaintiff after his employment with the City of Ruidoso Downs ("City") was terminated. Plaintiff has raised the following claims: (1) violation of his right to procedural due process; (2) violation of his right to equal protection under the law; (3) a state-law claim of breach of contract; and (4) a state-law claim for violation of a New Mexico statute concerning employment relations between law enforcement officers and their employers. This matter now comes before the Court for consideration of three motions filed by Defendants: a motion for summary judgment or, in the alternative, for partial summary judgment (Doc. 50); a second motion for summary judgment raising qualified immunity and failure to mitigate damages (Doc. 52); and a motion to amend the answer to include the affirmative defense of failure to mitigate damages (Doc. 68). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion to amend the answer will be granted, and the motions for summary judgment will be granted in part and denied in part.

**Motion to Amend Answer**

In the second motion for summary judgment, Defendants raised Plaintiff's alleged failure to mitigate his damages as a ground for partial summary judgment. In response, Plaintiff pointed out that mitigation of damages is an affirmative defense, and that Defendants did not assert such a defense in their answer. To remedy that problem, Defendants filed their motion to amend the answer, proposing to change the answer to explicitly include the defense of failure to mitigate damages. A motion to amend an answer is directed at the discretion of the trial court, and should be freely granted absent prejudice to the opposing party. *Atiya v. Salt Lake County*, 988 F.2d 1013, 1018 (10th Cir. 1993). Amendment of an answer may be allowed even in the middle of trial, under proper circumstances. *See, e.g., Akrabawi v. Carnes Co.*, 152 F.3d 688, 693 (7th Cir. 1998) (trial court did not err in allowing amendment of answer on last day of trial, even though defendant had previously filed two amended answers). Specifically, it has been found not to be error to allow amendment of an answer to raise the defense of failure to mitigate damages, even if the amendment occurs shortly before the start of trial. *Benson v. Consolidated Rail Corp.*, 1990 WL 125373 (6th Cir. unpublished).

The only potential prejudice claimed by Plaintiff, should amendment of the answer be allowed, is the inability to conduct discovery concerning the mitigation defense. However, the evidence relied on by Defendants appears to concern Plaintiff's own actions or inactions, and the information concerning those actions is within Plaintiff's control. Furthermore, Defendants will not be allowed to present testimony from any "surprise" witnesses concerning the mitigation defense. Finally, the Court notes that the failure to mitigate damages is a standard defense raised in many, if not most, employment cases, and it is not likely counsel for Plaintiff was unaware the

defense might be asserted in this case. For these reasons, the Court will grant the motion to amend the answer. Should Plaintiff identify any specific discovery he would like to perform before trial, concerning the mitigation defense, he may bring that matter to Defendants' and the Court's attention by motion, and the issue will be addressed expeditiously.

**Summary Judgment Motions**

**Standard of Review:** "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Defendants' motions in light of these standards. Rather than address each motion separately, the Court will instead analyze each cause of action raised by Plaintiff, and discuss whether that cause of action should survive either or both motions for summary judgment.

**Procedural Due Process Claim**

**Merits:** All Defendants have moved for summary judgment on this claim, all individual Defendants have requested qualified immunity as to this claim, and Defendant Logan has moved separately for summary judgment on this claim, maintaining he did not make the decision to terminate Plaintiff's employment. Viewed in the light most favorable to Plaintiff, there is evidence establishing the following facts[1]: (1) prior to the termination of Plaintiff's employment, a pre-determination hearing was held before the city administrator, Mr. Waters; (2) Plaintiff, Defendant Logan, and Mr. Dunigan, the city's personnel manager, attended the hearing; (3) Mr. Dunigan informed Plaintiff he could not have an attorney attend the pre-determination hearing, and the only people who would be allowed to attend were the above-named individuals and one observer [Resp. to MSJ, Exh. 1, Pltf. depo. p. 178, 180]; (4) the city's personnel manual, on the other hand, allows the presentation of evidence and testimony at such hearings, as long as no "extensive" cross-examination is performed [MSJ Exh. A to Exh. 3, excerpts from personnel manual, par. 1102.2]; (5) Mr. Waters upheld the proposed termination, and a post-termination hearing was held before the City Council; (6) at the post-termination hearing, Plaintiff's counsel objected to the fact that Plaintiff was not allowed to present any witnesses, and maintained that during the pre-determination hearing the presiding official, Mr. Waters, considered many instances of supposed deficient performance that had not been included in the notice of proposed termination [Resp. Exh. 2, pp. 3-5]; (7) the City Council upheld the termination; (8) the personnel manual allows an appeal to state district court from decisions of the City Council, although there does not appear to be statutory authorization for such an appeal in the applicable New Mexico

---

[1]Citations to the record will be provided only for facts that are disputed by the parties.

statutes; and (9) Plaintiff did not pursue a direct appeal, in court, of the City Council's decision, although he did file this lawsuit within thirty days of that decision.

The parties agree that Plaintiff had a property interest in his employment with the City, and therefore could not be deprived of his job without due process. *See Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 517 (10th Cir. 1998). In an employment situation such as this one, the employee is entitled to some sort of pre-termination hearing, as well as a "full-blown" adversarial hearing at some point.[2] In the Tenth Circuit, the requirements of a "full-blown" hearing have been understood to include the right to representation by an attorney and the right to cross-examine adverse witnesses, although depending on the circumstances it may not be necessary to afford the employee an opportunity to cross-examine every witness. *See McClure, supra* n. 2, 228 F.3d at 1211-12 (discussing use of affidavits rather than live testimony).

Viewing the facts in the light most favorable to Plaintiff, a reasonable fact-finder could infer that Plaintiff was not allowed to present witnesses at either the pre-termination hearing or the post-termination hearing;[3] was not allowed to fully cross-examine any witnesses at the pre-

---

[2]If the pre-termination hearing is extensive enough, it is possible it could qualify as the "full-blown" hearing to which the employee is entitled, obviating the need to hold a second, post-termination evidentiary hearing. *Cf. Tonkovich*, pp. 512-14, 526 (extensive pre-termination hearing sufficient to satisfy due process, even though subsequent administrative appeals did not include new evidentiary hearings); *cf. also McClure v. Independent Sch. Dist. No. 16*, 228 F.3d 1205, 1211 (10th Cir. 2000) (applying post-termination due process requirements to pre-termination hearing, because that hearing was the only one provided to the plaintiff).

[3]The Court recognizes the City's personnel manual contains a provision that would have allowed Plaintiff to bring witnesses to the pre-termination hearing. However, as noted above there was evidence that the City's personnel manager told Plaintiff the only persons who could be at the hearing were the personnel manager, the chief of police, and the hearing officer (the City's administrator). A reasonable fact-finder could determine that the personnel manager had thus overridden the manual provision.

termination hearing (because "extensive" cross-examination is not allowed at such hearings), or to cross-examine any witnesses at the post-termination hearing before the City Council; and was not allowed to be represented by an attorney at the only hearing where testimony of any kind was allowed, the pre-termination hearing.  Given these facts, again viewed in the light most favorable to Plaintiff, a reasonable fact-finder could determine that Plaintiff was never afforded the "full-blown" adversarial hearing that is a procedural due-process requirement.  For example, although the concept of due process is fluid and depends heavily on the facts of each case, *see McClure*, it is possible that limiting Plaintiff's attorney to argument before the City Council, rather than allowing the attorney the opportunity to present any evidence or to cross-examine any witnesses at any time during the pre-termination hearing or post-termination hearing, deprived Plaintiff of meaningful representation by his attorney.  At this point, it is not possible to say as a matter of law that Plaintiff was afforded the "full-blown" adversarial hearing to which he was entitled.  Summary judgment on this claim must therefore be denied.

**Failure to Appeal to District Court:**  The above result is not affected by Defendants' argument that Plaintiff's due-process claim must fail because he did not pursue an appeal to state district court, as the personnel manual authorized him to do.  It is true that Plaintiff had a remedy available in district court, by way of a writ of certiorari, even if there is no statutory authorization for the direct appeal allowed by the City's personnel manual.  *See Zamora v. Village of Ruidoso Downs*, 907 P.2d 182, 184 (N.M. 1995) (unless otherwise provided by statute, correct procedure to appeal from administrative employment decision is to petition district court for writ of certiorari).  However, the Tenth Circuit has specifically held that the availability of a remedy in state court, and the employee's failure to utilize that remedy, does not preclude a due-process

claim, although the availability of such a remedy is "relevant to the question of what process" was provided to the plaintiff. *Tonkovich, supra*, 159 F.3d at 519; *see also Urban v. Tularosa*, 1998 WL 694465, \*\*6 (10th Cir. unpublished) (stating that an adequate post-deprivation tort remedy is a defense to a due-process claim only where the deprivation is unpredictable, or random and unauthorized). Due to this Tenth Circuit authority directly on point, the Court will not follow *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994), the case relied on by Defendants, which does appear to hold that an employee denied due process during administrative proceedings forfeits such a claim by failing to pursue available avenues of review in state court.[4]   To the extent Defendants would argue that the available state-court remedies render Defendants' procedures constitutionally adequate as a matter of law, the Court disagrees. Whether the review is by way of certiorari or direct appeal, the district court reviews the administrative decision on the record only, rather than taking new evidence. *See* NMRA 1-074, 1-075 (applicable rules for statutorily authorized appeal and appeal by way of certiorari, respectively). If it is determined that the City's procedures are constitutionally defective for failure to provide a meaningful opportunity to present evidence, cross-examine witnesses, or be represented by counsel, an on-the-record state-

---

[4]The Court notes that the law on this question is in disarray, sometimes even within the same circuit. *See Mitchell v. Fankhauser*, 375 F.3d 477, 482-84 (6th Cir. 2004) (stating that the distinction between random, unauthorized acts and challenges to established state procedures "has unfortunately not been consistently applied in our circuit's caselaw" and, after analyzing conflicting lines of authority, deciding that procedural due-process claimant need not plead and prove the inadequacy of state court remedies that might be available following administrative proceedings); *see also Tonkovich*, 159 F.3d at 526 (stating that availability of state court review following full-blown pre-termination hearing was "germane" to due process inquiry, without explaining the precise impact of such review).

Furthermore, as the Court discusses below, the Court proposes in this opinion to construe the lawsuit filed in this Court as the certiorari action authorized by New Mexico law. If this legal interpretation is correct, Defendants' argument that Plaintiff failed to exercise his right to judicial review would fail.

court action would not provide an opportunity for Plaintiff to remedy those shortcomings. The Court therefore cannot hold as a matter of law that the availability of review in state court renders the City's procedures constitutional.

**Qualified Immunity:** The individual Defendants have also asked for summary judgment on the due-process claim under the doctrine of qualified immunity. The only arguments raised by Defendants are that there was no clearly established right for an employee to have counsel present at the pre-determination hearing, and there was no clearly established right to have the City compel attendance of witnesses at that hearing. While both of these assertions may or may not be true, Plaintiff's due process claim is not as limited as Defendants would have it. Plaintiff has alleged that he never received the full adversarial hearing to which he was entitled under clearly established law. As discussed above, under the circumstances of this case, a reasonable fact-finder could determine that Defendants did fail to provide Plaintiff with a "full-blown" hearing, and that combining a limited pre-determination hearing with an even more limited post-determination hearing violated Plaintiff's clearly established rights. Defendants' request for qualified immunity will be denied.

**Defendant Logan:** As to Defendant Logan, however, the situation is different. To hold Chief Logan personally liable under the due process claim, there must be evidence that he participated in committing the alleged due-process violation or had a causal role in that violation. *See Wulf v. City of Wichita*, 883 F.2d 842, 864 (10th Cir. 1989). There is no evidence in this case that Defendant Logan had any role in organizing or administering either the pre-determination hearing or the post-determination hearing. There is also no evidence that he had any role in preventing Plaintiff from bringing witnesses to either hearing, being represented by counsel at a

8

hearing during which cross-examination could occur, or cross-examining witnesses at either hearing. In short, there is no evidence that Defendant Logan participated at all in the potential due-process violation, other than as a charging party or witness. Plaintiff's reliance on the *Wulf* case, therefore, is misplaced. In *Wulf* the constitutional violation was a First Amendment violation, not a due-process violation, and the supervisor actively participated in the violation when, out of a desire to retaliate against the plaintiff for his protected speech, he recommended the plaintiff be terminated. *Id.* Although Plaintiff points to the fact that, as in *Wulf,* Defendant Logan's recommendation in this case formed the basis for Plaintiff's termination, the mere fact that the recommendation started in motion the procedures that may have violated due process does not make Defendant Logan liable for any subsequent violations that might have occurred, unless he had a role in committing those violations. This claim will therefore be dismissed with respect to Defendant Logan.

**Equal Protection Claim**

Plaintiff brings this claim as a "class of one" claim, rather than a claim of discrimination due to his membership in a larger protected class, or racial or gender group. In order to state a claim under the class-of-one theory, a plaintiff must present evidence of two types: first, that he was treated irrationally or arbitrarily, due to malice or ill-will of the defendants; and second, that individuals who are similarly situated to the plaintiff were not treated in the same manner. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1211-1213 (10th Cir. 2004). The second requirement, of identifying similarly situated individuals, is "especially important" in class-of-one cases. *Id.*, p. 1213; *see also Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005) (in order to succeed on class-of-one claim, level of similarity between plaintiff and persons to whom plaintiff is

9

compared must be extremely high). Plaintiff in this case has argued there is evidence he was treated arbitrarily and irrationally, out of malice. He has not, however, attempted to identify any similarly situated individuals who were in closely related situations but were treated differently by Defendants. Therefore, he has failed to state an equal-protection claim under the class-of-one theory. *See Jennings*. Summary judgment will be granted on this claim.

### State-Law Claims

**Breach of Contract:** Defendants argue that Plaintiff's failure to pursue an appeal to state court, as authorized by the City's personnel manual, means that Plaintiff has failed to exhaust his remedies and precludes him from bringing this claim. Defendants contend Plaintiff had a right to judicial review under NMRA Rule 1-074, and chose to forego that method of obtaining relief. In response, Plaintiff essentially argues two things: (1) Rule 1-074 applies only where a statute authorizes the state court action, and Defendant identifies no such statute in this case; and (2) he was only required to exhaust his administrative remedies, which he did; he did not have to exhaust any state-court action that might have been available to him.

It does appear that a direct appeal to district court was not available to Plaintiff under Rule 1-074, which specifically states in Section A that it applies "when there is a statutory right of review to the district court... ." However, as the Court discussed above, Plaintiff did have a remedy in district court following the administrative decision upholding his termination--a writ of certiorari to the state district court. *Zamora, supra,* 907 P.2d at 188. In fact, *Zamora* holds that this on-the-record review proceeding is the exclusive means for a municipal employee to challenge his termination in court, and that such an employee may not bring an independent action for breach of contract. *Id.* (rejecting earlier case which had held that an employee was entitled to a

10

trial de novo on a breach of contract claim).  It is clear, therefore, that Plaintiff cannot maintain his independent cause of action for breach of contract against the City in this case.  Instead, he is limited to an action for writ of certiorari, involving an on-the-record review of the administrative decision below.  *See* NMRA 1-075 (governing writs of certiorari where, as here, there is no statutory right to an appeal or other statutory right of review).

On the other hand, the above discussion does not require that the breach-of-contract claim be dismissed entirely, because as in *Zamora* it can be recognized as an action seeking a writ of certiorari.  There is no reason this Court cannot exercise supplemental jurisdiction over such an action, since there is an existing federal claim in the case.  *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997) (deciding that a case containing claims that local administrative action violates federal law, but also containing state law claims for on-the-record review of the administrative findings, is within the jurisdiction of federal district courts).  Furthermore, the lawsuit in this case was timely for purposes of Rule 1-075, as it was filed within 30 days of the City Council's decision upholding the termination.  *Cf. Zamora*, 907 P.2d at 189 (analyzing whether breach-of-contract action was filed in time allowed for filing writ of certiorari, before adoption of Rule 1-075 established firm timelines for filing such writ).  In the interests of justice, Plaintiff should not be deprived of the on-the-record court review of the proceedings below, to which he is entitled by established law and Rule 1-075.  The Court therefore proposes to consider Plaintiff's claim for breach of contract as a petition for writ of certiorari.  The administrative record from the proceedings below should be submitted to this Court within ten days of the date

of this opinion.[5]  In addition, the Court notes that Plaintiff appears to have erroneously agreed with Defendant's initial assertion that this Court does not have the power to conduct an on-the-record review of the administrative decision made by the City Council.  [MSJ brief, pp. 20-21; Resp. brief, p. 22]  As noted above, the Court believes the *International College of Surgeons* case is to the contrary.  However, either party should feel free to submit to the Court any authority they may have indicating the Court's proposed course of action is in error.  Due to the approaching trial date, such submissions should be made within ten days of the date this opinion is filed.

**Private Right of Action Under Peace Officer's Employer/Employee Relations Act ("POEERA"):**  Defendants maintain there is no private right of action under POEERA, while Plaintiff points out that a right without a remedy is worthless.  The question of whether the New Mexico Legislature has impliedly granted a private right of action by enacting POEERA is a complex question of state law and appears to be an issue of first impression.  However, the Court notes there is a possibility that, in this case, the POEERA claim will duplicate Plaintiff's due-process claim, as Plaintiff is complaining primarily about being denied the opportunity to present witnesses and cross-examine adverse witnesses.  For this reason, the Court will allow the POEERA claim to proceed to trial.  Should Plaintiff prevail on the claim in a manner that does not

---

[5]The Court recognizes this creates a procedural difficulty, as the Court's review under Rule 1-075 for arbitrariness, capriciousness, and compliance with the law will necessarily overlap to a certain extent with the jury's determination as to whether Plaintiff was deprived of due process.  The parties should be prepared to discuss, at the pretrial conference, the best means of conducting this parallel review.

duplicate recovery under any other claim, the Court will certify the private-right-of-action question to the New Mexico Supreme Court for a determination on that issue.[6]

**Failure to Mitigate Damages:** Defendants request summary judgment as to "all claims for damages up to the date of judgment" due to Plaintiff's failure to pursue a direct appeal, in state court, of the City Council's decision. As discussed above, it was not necessary for Plaintiff to obtain judicial review in state court, because this Court has authority to review the administrative decision pursuant to its power to exercise supplemental jurisdiction over such a claim. Furthermore, by construing Plaintiff's lawsuit in this Court as an action for writ of certiorari, the Court is providing Plaintiff the judicial review to which he is entitled. Therefore, there is no factual support for Defendants' argument. In addition, Defendants cited no authority for the novel position that failure to pursue available avenues of judicial review could be considered a complete failure to mitigate damages as a matter of law. There is authority for the proposition that failure to exhaust an administrative appeal may be introduced as evidence if a defendant can show the appeal would have limited the plaintiff's damages, but it is not an absolute bar in this context. *See Weinstein v. Yahara Builders*, 1988 WL 36625 (unpublished) (Wis. App.) (reversing trial court finding that failure to exhaust was failure to mitigate barring all recovery)*; Regan v. Lewis*, 975 F.Supp. 956, 966 n. 14 (S.D. Tex. 1997) (if exhaustion would have

---

[6]The Court notes Defendants' argument, made for the first time in the reply brief, that immunity has not been waived under the Tort Claims Act for a private claim under POEERA. This argument is not dispositive of the issue because the Tort Claims Act applies to torts, not to statutory remedies that may have been created by the Legislature. In other words, if the Legislature intended to allow a private right of action under POEERA, which applies only to public entities, the Legislature also necessarily must have intended to waive sovereign immunity for such a claim. The waiver-of-immunity question, therefore, is inextricably tied to the private-right-of-action question, and the Tort Claims Act does not play a role in that inquiry.

produced earlier relief and thus limited emotional distress, evidence of same may be introduced at trial). Summary judgment on damages will be denied.

**Conclusion**

Based on the foregoing, summary judgment will be granted to all Defendants on the equal protection claim and to Defendant Logan on the due-process claim. In addition, the breach-of-contract claim will be construed as an action for writ of certiorari, and the POEERA claim will be allowed to go to trial with the possibility that the private-right-of-action question will be certified to the New Mexico Supreme Court. The request for summary judgment on the basis of failure to mitigate damage will be denied. Finally, the motion to amend the answer to include the defense of failure to mitigate damages will be granted.

**ORDER**

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Defendants' motion for summary judgment or, in the alternative, for partial summary judgment (Doc. 50) be, and hereby is, GRANTED in part and DENIED in part; that Defendants' second motion for summary judgment raising qualified immunity and failure to mitigate damages (Doc. 52) be, and hereby is, GRANTED in part and DENIED in part; and the motion to amend the answer (Doc. 68) be, and hereby is, GRANTED. It is also ORDERED that the administrative record of the proceedings below be filed with this Court within ten (10) days of the date of this order. It is also ORDERED that any objections to the writ of certiorari procedure proposed by the Court be filed within ten (10) days of the date of this order.

**DATED** at Albuquerque this 24th day of January, 2006.

                                                                                                  /s/ Bruce D. Black
                                                                                                  BRUCE D. BLACK
                                                                                                  United States District Judge

**Attorneys:**
**For Plaintiff**
Steven K. Sanders
Freda Howard McSwane
**For Defendants**
Richard E. Olson
James M. Hudson