IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANA TERLECKY,

       Plaintiff,

vs.                                                  No. CIV-04-1121 BB DJS

CITY OF RUIDOSO DOWNS, a
Municipal Corporation, BOB A.
MILLER, individually and as Mayor
of the City of Ruidoso Downs and
SUSAN J. GARRETT, JUDY R.
MILLER, MARGIE R. MORALES and
RENE G. OLIVO, individually and as
Trustees of the City of Ruidoso Downs,
and ROBERT LOGAN, Chief of Police,

       Defendants.

## DEFENDANTS' SUPPLEMENTAL REQUESTED
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

COME NOW the Defendants, by and through their attorneys of record HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P. (Richard E. Olson and James M. Hudson) and hereby submit these, their Supplemental Requested Findings of Fact and Conclusions of Law:

### SUPPLEMENTAL FINDINGS OF FACT

In addition to the proposed Findings of Fact previously submitted to the Court, Defendants submit the following additional Findings of Fact, which are numbered to follow the initial proposed Findings of Fact:

1

54. The informal counseling memos from Chief Logan to Plaintiff were not included in Plaintiff's formal Personnel File.

55. The informal counseling memos from Chief Logan to Plaintiff were included in the UNDA recommending Plaintiff's discharge that Plaintiff received on July 2, 2004. Plaintiff had also previously received the memos.

56. Plaintiff did not look for law enforcement jobs in nearby communities such as Tularosa, Alamogordo, Roswell, Las Cruces, Cloudcroft and Artesia.

57. Comparable law enforcement jobs were available in at least Roswell, Las Cruces, and Artesia. There is on average a 25% turnover in law enforcement positions so that jobs are available on a consistent basis.

58. Plaintiff should reasonably have been expected to find employment in law enforcement in the reasonably near future, but no later than August, 2006, when his certification as a law enforcement officer will expire. Plaintiff should reasonably have been expected to find employment in law enforcement shortly after his discharge if reasonable good faith efforts had been made.

59. Even if different procedures were followed during the hearing process, the City Councilors would still have taken the same adverse action of discharging Plaintiff from his employment.

60. Plaintiff knew that he could present witnesses at the predetermination hearings.

61. Plaintiff admitted virtually all of the essential facts that were the basis for the disciplinary actions taken against him, including the facts for the basis of the suspension and discharge.

62. There were no witnesses to cross examine at the predetermination hearings other than Plaintiff and Chief Logan. Plaintiff had the opportunity to cross examine any witnesses.

63. The predetermination hearings were scheduled at a time agreed to by Plaintiff and during his normal waking hours.

64. None of the City Councilor Defendants, Margie Morales, Rene Olivo, Susan Garrett, or Judy Miller, were biased against or bore any type of animosity towards Plaintiff. Nor did any of the City Councilors act with any evil motive or intent or reckless or callous indifference.

## **SUPPLEMENTAL CONCLUSIONS OF LAW**

In addition to the proposed Conclusions of Law previously submitted to the Court, Defendants submit the following additional Conclusions of Law, which are numbered to follow the initial proposed Conclusions of Law:

14. Even if different procedures were followed during the hearing process, the City Councilors would still have taken the same adverse action of discharging Plaintiff from his employment.

15. An award of front pay would be granting the Plaintiff a windfall and not making the Plaintiff whole. Therefore, Plaintiff is not entitled to an award of front pay.

16. Any award of lost retirement benefits must be limited to Plaintiff's life expectancy of 77.3 years of age.

17. All future cash flow figures or values must be discounted to present value using a rate of at least three percent (3%).

18. Plaintiff is not entitled to an award of punitive damages.

19. Plaintiff has failed to mitigate damages by only looking for employment in his immediate area. Under New Mexico law, the duty to mitigate damages is not limited to any locality. Even if such a limitation existed, such a locality in this case would include a broader area of New Mexico that would include at a minimum Las Cruces, Roswell, Artesia, Alamogordo, Tularosa, Cloudcroft and other communities where comparable law enforcement jobs were available.

>Respectfully submitted,
>
>HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.
>
>By:   Filed electronically 2/6/06
>Richard E. Olson
>James M. Hudson
>P.O. Box 10
>Roswell, NM 88202
>(505) 622-6510
>Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2006, a true and correct copy of the foregoing Defendants' Supplemental Proposed Findings of Fact and Conclusions of Law was served via facsimile, email, and first class mail first class mail to Plaintiff's counsel as follows:

| | |
|---|---|
| Steven K. Sanders<br>Steven K. Sanders & Assoc., L.L.C.<br>820 Second Street, NW<br>Albuquerque, NM 87102<br>fax 505-243-7755<br>email: StevenKSanders@aol.com | Freda Howard McSwane<br>Freda Howard McSwane, PC<br>1096 Mechem Dr., Suite 302<br>Ruidoso, NM 88345<br>fax: 505-258-5222<br>email: fredamc@yahoo.com |

>HINKLE, HENSLEY, SHANOR & MARTIN, LLP
>
>By:   signed/ James M. Hudson
>James M. Hudson

4